IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CREDIT SUISSE, a Swiss Bank, ) | |
| ) | |
| Plaintiff, ) | Case No. CV08-139-S-EJL |
| ) | |
| vs. ) | ORDER |
| ) | |
| JEAN-PIERRE BOESPFLUG, an individual; ) | |
| ALFREDO MIGUEL AFIF, an individual, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On February 13, 2009, Chief Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Recommendation"), recommending that Defendants' motions to dismiss be denied. Plaintiff has filed a request for clarification of the Recommendation. Defendants have filed objections to the Recommendation. Any party may challenge a Magistrate Judge's proposed Recommendation regarding a dispositive motion by filing written objections within ten days after being served with a copy of the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1)(c). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b).

The Defendants' objections assert the Recommendation erred in 1) finding diversity jurisdiction exists, 2) concluding there was no failure to join indispensable parties, 3) failing to determine whether or not New York law applies, and 4) determining that New York foreclosure and deficiency law protections do not prohibit Credit Suisse from bringing this case. The Court has

considered the parties' contentions and conducted a *de novo* review of the record and finds as follows.[1]

## DISCUSSION

I. <u>Plaintiff's Motion for Clarification</u>

Credit Suisse has filed a motion seeking clarification of footnote 3 of the Recommendation. The concern of Credit Suisse is that footnote 3 could be read to preclude Credit Suisse from pursuing recover of all claimed damages under Section 1(i) of the Non-Recourse Guaranty from Defendants' personal assets; arguing Section 1(i) only prohibits recovery of the "mortgage debt" from the Defendants' personal assets but recovery of other damages from Defendants' personal assets. (Dkt. No. 42).

Footnote 3 of the Recommendation states:

> The difference between a "non-recourse" debt as opposed to a "recourse" debt means that a creditor may only look to repayment of the loan from the collateral that secured the loan, and may not seek repayment of the loan from the borrower's personal assets. In the context of a non-recourse guaranty, the guarantor's personal assets may not be used to satisfy the debt. Credit Suisse acknowledged during oral argument that it could not seek repayment of the loan from either Boespflug's or Miguel's personal assets.

(Dkt. No. 40, p. 4 n. 3) (citation omitted). The footnote is contained in a paragraph discussing the Non-Recourse Guaranty, which is only one of several loan documents applicable to the May 2006 loan. The loan documents include: a Credit Agreement, two Mortgages, a Subsidiary Guaranty, and the Non-Recourse Guaranty. (Dkt. No. 40, pp. 2-3). The Recommendation clarifies in this action that Credit Suisse is pursuing damages for the Defendants' alleged breaches of the terms of the Non-Recourse Guaranty agreement. (Dkt. No. 40, p. 7). This is distinct from the action Credit Suisse filed in Idaho state court seeking foreclosure of the mortgages securing the loan and related relief. The footnote neither allows nor precludes any particular damages in this action. It merely provides a definition and distinction between "non-recourse" and "recourse" debts and acknowledges that Credit Suisse was not seeking repayment of the loan from the Defendants' personal assets.

---

[1] The facts and procedural background in this case are well stated in the Recommendation and not disputed by the parties. Accordingly, the Court will not restate them in this Order.

Moreover, the remainder of the Recommendation amply addresses Credit Suisse's concerns. As such, the motion for clarification is denied.

II.  Defendants' Objections to the Report and Recommendation

    A.  Motion to Dismiss (Dkt. No. 15)

The Defendants first objection to the Recommendation has to do with their motion to dismiss for lack of diversity jurisdiction. Defendants challenge the Recommendation's finding that Credit Suisse has brought this action on its own behalf and, therefore, diversity between the parties exists in light of the fact the Recommendation also found that Credit Suisse is acting as a "master of litigation" and an agent for other parties. (Dkt. No. 43, p. 2). These two findings, Defendants argue, are inconsistent.

The Recommendation concludes that Credit Suisse that it has brought this action not as a mere conduit for unidentified lenders but on its own behalf and upon its own interests to recover damages under the Guaranty. Further, the Recommendation points out that although Credit Suisse is defined as "Agent" in the Guaranty, Credit Suisse is the only entity who signed the Guaranty and the only entity entitled to recover for violations of the Guaranty. (Dkt. No. 40, p. 14). As such, Credit Suisse is the proper party to this litigation and is properly diverse from the Defendants. This Court agrees with these conclusions reached by the Chief Magistrate Judge. There is no inconsistency in the language of the Recommendation. Credit Suisse is labeled "Agent" in the Guaranty. The Recommendation's use of the term "Agent" is consistent with its use in the Guaranty. Credit Suisse has brought this action against the Defendants on its own behalf in order to exercise its own rights and interests under the terms of the Guaranty. Complete diversity between the parties exists here and the motion to dismiss is denied.

In addition, Defendants cite error in the report's conclusion that there is no failure to join indispensable parties. Defendants argue the report contains inconsistent findings in that 1) Credit Suisse is asserting only its own rights under the Non-Recourse Guaranty and 2) the Lenders are likely aware of the litigation both in state court and this action and have not asserted an interest. (Dkt. No. 43, p. 3). Defendants contend that to the extent the other Lenders have an interest in this action they have not waived their claims and, therefore, must be joined else the Defendants will be

forced to defend multiple actions when the Lenders bring separate later claims on their own behalf. Having reviewed the parties' arguments and the record, this Court agrees with the Recommendations of the Chief Magistrate Judge.

Federal Rule of Civil Procedure 19 requires joinder of a party where "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may...leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19. The initial requirement of this rule is that the "person claims an interest." See United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999) ("Joinder is 'contingent ... upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action.'") (quoting Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983)).  The burden here is upon the Defendants to produce evidence in support of the motion to dismiss for failure to join an indispensable party. See Bigaro Western Sales, Inc. v. Helena Chem. Co., 160 F.Supp.2d 1136, 1141 (E.D. Cal. 2001). The Chief Magistrate Judge correctly concluded here that there has been no showing by any of the Lenders of an interest in this action. As pointed out in the Recommendation, the disputes between these parties is widely known and of such a magnitude that it is safe to assume the Lenders are fully aware of both this action and the state court matter. As such, the Defendants have failed to meet their burden to show any of the Lenders have asserted an interest in this action. Further, the Recommendation correctly notes that "Credit Suisse is acting solely on its own behalf to enforce the terms of the Guaranty" and that there is no risk of multiple lawsuits since the terms of the Guaranty only allow Credit Suisse to bring a claim or recover damages under the Guaranty. Accordingly, this Court is in agreement with the Recommendation's conclusions and finds the Defendants' objections to be unfounded. Accordingly, the motion to dismiss is denied.

      B.      Motion to Dismiss (Dkt. No. 22)

Defendants object to the confusion in the Recommendation's statement that it did not decide which state law governs while, at the same time, it analyzed the application of New York law to the case. Defendants further object to the Recommendation's failure to conclude that New York law

governs the Non-Recourse Guaranty and requires Credit Suisse to follow certain steps in the foreclosure proceedings before being allowed to bring this suit.

The Guaranty expressly states that it is the parties' intent that it be construed and enforced in accordance with New York state law. (Dkt. No. 1-8, p. 9). Both of the parties and the Chief Magistrate Judge discussed the applicability of New York law to the terms of the Non-Recourse Guaranty. (Dkt. No. 40, pp. 21-25). While Defendants maintain that New York foreclosure law precludes this action, the Recommendation concluded that those statutes are not applicable to this action since Credit Suisse is not seeking to recover any part of the mortgage debt in this action but is, instead, seeking to recover separate and distinct damages under Section 1(i) of the Non-Recourse Guaranty for the alleged "bad acts" of the Defendants. This Court agrees.

Because this is not a foreclosure action or a suit to recover the mortgages, the New York foreclosure and deficiency statutes do not apply to this action. The Recommendation is correct in stating that the issue of whether New York foreclosure statutes apply to the loan at issue between these parties is not before this Court; the question of foreclosure of the mortgage and any deficiency are before the Idaho state court. (Dkt. No. 40, p. 25 n.14). Defendants cite error in this finding arguing because the Non-Recourse Guaranty is directly related to obligations secured by the mortgages subject to the Idaho state foreclosure action, the relief sought here are secured obligations subject to the New York foreclosure and deficiency statutes. (Dkt. No. 43, p. 6-7). Again, as made clear in the Recommendation, the damages sought by Credit Suisse in this action are distinct from those involved in the foreclosure action before the Idaho state court. Further, the Recommendation points out that the New York foreclosure statutes apply to actions seeking to recover on a mortgage debt. Credit Suisse made clear at the hearing before the Chief Magistrate Judge that it is not pursuing any mortgage debt but, instead, seeks to recover separate damages under the Non-Recourse Guaranty. The Defendants acknowledge as much in their objections by stating "Credit Suisse apparently does not claim overlapping damages with those arising from Tamarack Resort, LLC and its affiliates, the distinct damages claimed in this action under the Non-Recourse Guaranty are obligations secured by the mortgages subject to the State foreclosure action." (Dkt. No. 43, p. 7).

Therefore, this Court agrees with the Recommendation that the New York foreclosure and deficiency statutes are not applicable to the damages sought by Credit Suisse in this action.

This Court, however, disagrees with the Recommendation's alternative conclusion that if the New York Real Property Actions and Proceedings Laws ("RPAPL") were to apply they would not foreclose this action because RPAPL §81-1301 does not apply to property located outside of New York State. The case cited in the Recommendation and by Credit Suisse involved an action brought in New York courts. See Wells Fargo Bank Minn., N.A. v. Cohn, 771 N.Y.S.2d 649 (App. Div. 2004); see also Fielding v. Drew, 463 N.Y.S.2d 15 (App. Div. 1983) (Section 1301 "prohibits a mortgage lender from simultaneously prosecuting an action at law on a promissory note and an action in equity on the mortgage"); F.D.I.C. v. De Cresenzo, 616 N.Y.S.2d 638 (App. Div. 1994) ("However this statute has no application to property located outside New York State.") (citation omitted)). This action, however, is not brought in New York but, instead, is brought in the same state as the real property at issue in the underlying foreclosure is located. As such, this Court finds the case cited by the Defendants, Chase Manhattan Bank, N.A. v. Greenbriar North Section II, 835 S.W.2d 720 (Tx. App. 1992), to be more akin to the facts in this case. This Court, therefore, would not conclude that RPAPL §81-1301 does not apply to property outside of New York State in this case. See Citibank, N.A. v. Errico, 597 A.2d 1091 (N.J. Sup. Ct. App. Div. 1991). Accordingly, the Court does not adopt this portion of the Recommendation.

This Court too finds the following language of the Recommendation to be inconsistent with the Recommendation's other findings:

> Many of the lien claimants are parties to the state court mortgage foreclosure action. Presumably a sale of the collateral netting sufficient proceeds to pay Credit Suisse, the lien claimants, and generate surplus proceeds, would satisfy some or all of the damages Credit Suisse seeks in this action with respect to its damage claims concerning the unauthorized liens, as well as other damages it may claim.

(Dkt. No. 40, p. 25). Prior to this statement, the Recommendation consistently maintains that the damages sought by Credit Suisse in this action are distinct from those sought in the state court foreclosure matter. This statement in the Recommendation, however, indicates that the foreclosure could pay off some or all of the damages sought in this action. This statement is inconsistent with

the rest of the Recommendation and inconsistent with this Court's de novo review of the record in this matter. As such, the Court does not adopt this language of the Recommendation.

C. Conclusion

Having conducted a *de novo* review of the record in this case and the parties' arguments, the Court finds, with the two exceptions noted above, that the Chief Magistrate Judge properly addressed the issues presented and the conclusions of the Report and Recommendation are consistent with this Court's analysis of the record in this case. With the noted exceptions, the report and Recommendation's conclusions are consistent with this Court's own view of the evidence and the record. Further, the Chief Magistrate Judge identified the correct legal standards and properly applied those standards to the record. Accordingly, the Court will adopt the recommendations of the Chief Magistrate Judge.

**ORDER**

Based on the foregoing and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on February 13, 2009 (Dkt. No. 40), should be, and is hereby, **INCORPORATED** by reference, with the exceptions noted in this Order, and **ADOPTED AS MODIFIED IN THIS ORDER**.

**THEREFORE IT IS HEREBY ORDERED** as follows:

1) Motion to Dismiss or in the Alternative for a More Definite Statement (Dkt. No. 15) is **DENIED**.

2) Motions to Dismiss/Motion for Summary Judgment (Dkt. No. 22) is **DENIED**.

3) Motion for Clarification (Dkt. No. 42) is **DENIED**.

DATED: **March 25, 2009**

_____
Honorable Edward J. Lodge
U. S. District Judge